UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Dodzi Kwame Kordorwu,

Defendant.

File No. 23-cr-27 (ECT/TNL)

**OPINION AND ORDER**

Katharine T. Buzicky, United States Attorney's Office, St. Paul, MN, for Plaintiff United States of America.

Dodzi Kwame Kordorwu, *pro se.*

Defendant Dodzi Kwame Kordorwu pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, on December 20, 2023.  ECF No. 35 ¶ 1.  On October 23, 2024,[1] Mr. Kordorwu was sentenced to 63 months in prison, followed by three years of supervised release, and restitution in the amount of $2,144,291.86.  ECF No. 66 at 1–3, 6.  He did not appeal the sentencing judgment.  *See generally* Fed. R. App. P. 4(b)(1)(A)(i).  Acting pro se, Mr. Kordorwu filed a motion to vacate his sentence under 28 U.S.C. § 2255 on four substantive grounds.  ECF No. 72 at 4–12.

The motion will be denied.  The § 2255 motion is time-barred, and Mr. Kordorwu has not shown sufficient grounds to toll the statute of limitations.  Even if the time period

---

[1]    Judgment was imposed on October 22, 2024, and entered on October 23, 2024.  ECF No. 66 at 1.

were tolled, his arguments were waived in the plea agreement, otherwise procedurally barred, or meritless.

## I

Mr. Kordorwu was indicted on January 31, 2023, on eight counts of mail fraud. ECF No. 1 ¶¶ 7–8. On December 20, 2023, advised by counsel, he entered a plea agreement in which he pleaded guilty to one count of mail fraud, with the remaining charges to be dismissed at the time of sentencing. ECF No. 35 ¶ 1. A sentencing judgment was issued on October 23, 2024, and Mr. Kordorwu was required to surrender for service of his sentence on December 10, 2024. ECF No. 66 at 1–2. Mr. Kordorwu did not appeal his conviction or sentence.

Mr. Kordorwu then sought to challenge his sentence under 28 U.S.C. § 2255. On November 18, 2025,[2] he filed a pro se motion to vacate, a supporting memorandum of law, and a letter requesting his motion be accepted as timely or the doctrine of equitable tolling be applied. ECF Nos. 72–74. Since he is pro se, the letter will be construed as a motion to extend the filing deadline. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se filings, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers"). The Government moved to dismiss his § 2255 motion as time-barred. ECF No. 76.

---

[2]    The pro se motion, memorandum, and letter were filed on November 24, 2025, but Mr. Kordorwu signed, submitted, and sent them via certified mail on November 18, 2025. ECF No. 72 at 12, ECF No. 73 at 31. "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). The Government considers November 18, 2025, the date of filing. ECF No. 76 at 3.

2

II

In general, petitioners wishing to challenge their sentence under 28 U.S.C. § 2255 are subject to a one-year period of limitation, running from the latest of the following times:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The judgment of conviction becomes final when the "period for filing a notice of appeal expire[s]." *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). The notice of appeal must be filed within fourteen days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). There is no pro se exception to the limitation period. *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, Mr. Kordorwu's sentencing judgment was entered October 23, 2024. ECF No. 66 at 1. Fourteen days and one year later is November 6, 2024. Mr. Kordorwu's § 2255 motion, filed November 18, 2025, falls outside the period of limitation. Therefore, it can be considered only if the limitation period is tolled.

3

"Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citation modified). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Odie v. United States*, 42 F.4th 940, 946 (8th Cir. 2022) (citation modified). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require '*reasonable* efforts.'" *Id.* (quoting *Ingram v. United States*, 932 F.3d 1084, 1090 (8th Cir. 2019)); *see Anjulo-Lopez*, 541 F.3d at 818 ("To be sure, section 2255 does not require the maximum feasible diligence, only due, or reasonable diligence." (citation modified)). Equitable tolling may also be appropriate "if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006).

Mr. Kordorwu argues an extension is warranted because frequent transfers did not allow him consistent access to his legal materials, a law library, or forms necessary to prepare his § 2255 motion. ECF No. 74 at 1. His letter states he was in transit and transferred multiple times, "[f]irst, to Sherburne County, where [he] remained for about five months, then to Federal Transfer Center in Oklahoma, and later transfer[r]ed to a facility in [the] State of Louisiana, FCI Oakdale II for about five months, in the SHU waiting to be transfer[r]ed to Oklahoma, and final[l]y to FCI Big Spring, Texas." *Id.* Mr. Kordorwu does not allege that during his entire time in custody he has not had access to his legal materials, a law library, or necessary forms, but rather that transit and confinement

4

to a Special Housing Unit made legal research and preparation of his § 2255 motion periodically and temporarily unavailable. *See id.*

These grounds do not make up the extraordinary circumstances required to justify equitable tolling because his explanation does not meet either prong of the applicable test. First, he does not show he made reasonable and diligent efforts pursuing his rights. Mr. Kordorwu was sentenced on October 23, 2024, and self-surrendered on December 10, 2024. ECF No. 66 at 2. During this seven-week period, prior to his imprisonment and transfers, Mr. Kordorwu does not say why he did not file a § 2255 motion, or whether he worked toward filing one. *See* ECF No. 74; *United States v. Sayonkon*, Nos. 16-cr-265(2) (ADM/HB), 21-cv-2534 (ADM), 2022 WL 607474, at *2 (D. Minn. Mar. 1, 2022) (finding the COVID-19 pandemic was not grounds for equitable tolling when movant failed to explain why he did not work on his motion in the months before the pandemic began). Further, he does not explain what steps he took, once he was in custody, to access legal materials and required forms, research possible avenues of relief, request assistance from the various prison locations, or communicate to authorities about the external limitations on law library access and research. *See Anjulo-Lopez*, 541 F.3d at 818–19 (declining to toll limitation period where movant "neither explained why he was 'unable to communicate with anyone' about his appeal while in transit, nor described any thwarted attempts to check on the status of his appeal during that period").

Additionally, these grounds do not show extraordinary circumstances prevented Mr. Kordorwu from timely filing to satisfy the second prong of the equitable tolling test. It is true that "inmates have a constitutional right of access to the courts that requires the

5

provision of some means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bear v. Fayram*, 650 F.3d 1120, 1122–23 (8th Cir. 2011) (citation modified). But prisons may meet this requirement in different ways, including "prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices." *Id.* at 1123 (quoting *Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002)). When movants do not explain how limited library access deprived them of the ability to bring a timely § 2255 motion, they fail to show the extraordinary circumstances required to equitably toll the limitations period. *See Odie*, 42 F.4th at 947; *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (holding equitable tolling did not apply for prisoner denied access to personal and legal materials and to the law library). Likewise, courts should not equitably toll the § 2255(f) period when the movant failed to show "that his time spent in transit constitutes extraordinary circumstances" justifying an extension. *United States v. Iyamu*, Nos. 18-cr-87(1) (ADM/KMM), 21-cv-454 (ADM), 2021 WL 2156456, at *3 (D. Minn. May 27, 2021). Mr. Kordorwu has not shown either prong of the equitable tolling test is met, so the "exceedingly narrow window of relief" is not open. *English*, 840 F.3d at 958.

III

Even if Mr. Kordorwu's motion were timely, it would fail on the merits. Federal prisoners may collaterally attack their convictions or sentences

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

6

> sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). In his plea agreement, Mr. Kordorwu waived the right to collaterally attack his sentence on any grounds other than ineffective assistance of counsel. ECF No. 35 ¶ 16.

Here, Mr. Kordorwu challenges his sentence by arguing he received ineffective assistance of counsel in four ways. ECF No. 72 at 4–12. His lawyer (1) failed to challenge the indictment to ensure it charged a cognizable federal offense; (2) failed to argue Mr. Kordorwu's actions did not give rise to an aiding and abetting liability; (3) advised him to accept a guilty plea on a defective indictment; and (4) failed to investigate and obtain relevant evidentiary material, including reliance on the allegations in the presentence report, violating Federal Rule of Criminal Procedure 32. ECF No. 73 at 7–23.

To prevail on an ineffective assistance claim, Mr. Kordorwu must establish that (1) his counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Mr. Kordorwu must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Though criminal defendants are entitled to competent representation, the Constitution "does not insure that defense counsel will recognize and raise every conceivable" argument. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quoting *Engle v. Issac*, 456 U.S. 107, 134 (1982)).

First, Mr. Kordorwu argues his lawyer was ineffective for failing to challenge the indictment, which he claims did not charge a cognizable federal offense. ECF No. 73 at 7. Though nominally claiming ineffective assistance, Mr. Kordorwu asserts no facts about his counsel's performance, other than that his attorney failed to raise this argument pre-trial. *See id.* at 7–14. He does not explain how his counsel's performance was deficient or fell below an objective standard of reasonableness, and does not show a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.

Instead, this argument really challenges the sufficiency of the indictment. *See id.* It is procedurally barred, because Mr. Kordorwu waived his right to bring this sort of collateral attack in the plea agreement, ECF No. 35 ¶ 16, and he did not raise it on appeal, *see Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) ("The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion . . . ."); *accord Bousley v. United States*, 523 U.S. 614, 622 (1998). And to the extent he argues that there was no Article III jurisdiction to preside over the prosecution of a defective indictment, ECF No. 73 at 7, case law squarely rejects this contention. *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

Even if this collateral attack could proceed, it would fail because the indictment properly charged Mr. Kordorwu with mail fraud under 18 U.S.C. § 1341. "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021) (quoting *United States v.*

*Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).  For mail fraud, a slightly greater level of detail is required: An indictment must "specify facts . . . with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation and as will enable the court to say that the facts stated are sufficient in law to support a conviction." *Id.* at 436 (quoting *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012)).  "To prove the existence of a fraudulent scheme, the government must establish: '(1) there was a deliberate plan of action or course of conduct to hide or misrepresent information; (2) the hidden or misrepresented information was material; and (3) the purpose was to get someone else to act on it.'" *Id.* (quoting *United States v. Luna*, 968 F.3d 922, 926 (8th Cir. 2020)). The indictment alleged those elements: Mr. Kordorwu "knowingly and intentionally participated in and facilitated an online romance fraud scheme," in which he used "the Internet, the U.S. postal service, and other means to target primarily elderly victims and create fictious—often romantic—connections and lure the unwitting victims into sending money under knowingly false pretenses," taking "steps to conceal and misrepresent [his] true identit[y]," and then "request[ed] money from victims consistent with the supposed needs of the false personas." ECF No. 1 ¶¶ 1–2, 4.  Mr. Kordorwu and his coconspirators "directed victims to send money and items of value to [his] business," and they then "collected these packages, deposited funds into bank accounts they controlled, and distributed the fraud proceeds." *Id.* ¶ 6.  Between May 2018 and June 2022, Mr. Kordorwu "received more than $2.3 million in fraud proceeds from electronic fund transfers and approximately 90 separate victim mailings." *Id.*  This indictment sufficiently charged Mr.

Kordorwu with mail fraud, *see* 18 U.S.C. § 1341, so his attorney did not perform ineffectively by failing to challenge it on these grounds.

Second, Mr. Kordorwu argues his lawyer was ineffective for failing to argue Mr. Kordorwu's actions did not give rise to an aiding and abetting liability.  ECF No. 73 at 14. This argument fails for the same reason identified above—it is a collateral attack on the sufficiency of the indictment, and is barred by waiver and his failure to appeal.  *See id.* at 17 ("Here the case was submitted to the grand jury on an invalid basis . . . .").  More to the point, it identifies no facts about his lawyer's conduct was deficient or that that deficiency prejudiced him.  ECF No. 73 at 14–21.  Lastly, Mr. Kordorwu did not plead guilty on an aiding and abetting theory of liability.  ECF No. 35 ¶ 1.

Third, Mr. Kordorwu argues his lawyer was ineffective in advising him to accept a guilty plea on a defective indictment.  ECF No. 73 at 21.  This argument recycles earlier material about the indictment's flaws and will be rejected for the same reasons—Mr. Kordorwu waived this challenge and has not shown the indictment was defective.  He also signed the plea agreement, affirming he "underst[ood] and voluntarily accept[ed] each term and condition of this plea agreement."  ECF No. 35 ¶ 18.  He argues his attorney stood like a "potted plant" while he "execute[d] a factually barren stipulation of facts in a plea agreement."  ECF No. 73 at 5.  This does not articulate facts showing his attorney's performance was deficient or that the results of the proceeding would have been different, but for counsel's errors.

Fourth, Mr. Kordorwu argues his lawyer was ineffective for failing to investigate and obtain relevant evidentiary material, instead relying on the facts in the presentence

10

report, violating Federal Rule of Criminal Procedure 32.  ECF No. 73 at 23–27.  In his view, the Court's adoption of the presentence report violated his rights under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution.  *Id.* at 26.  His attorney had the opportunity to object to the preliminary presentence report, and those objections were incorporated into the revised report.  ECF No. 65 at 29.  He does not argue, for example, that he raised objections with his attorney, and his attorney failed to make them.  *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (finding counsel's failure to object to presentence report's calculation of offense level amounted to ineffective assistance).  His Confrontation Clause challenge was waived in his plea agreement, ECF No. 35 ¶ 4, and it contains no facts about his attorney's conduct.  So these argument do not show ineffective assistance of counsel.

A few final points.  In his reply brief, Mr. Kordorwu adds new grounds for ineffective assistance of counsel: (1) failure to advise him of his right to appeal and the 14-day deadline; (2) affirmatively misadvising him that no appeal was possible; (3) failure to object at sentencing; (4) failure to investigate and challenge inaccurate allegations; and (5) misadvising him regarding immigration consequences.  ECF No. 78 at 1.  These new claims are waived because the claims are raised for the first time in a reply brief.  *See Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (per curiam) ("[T]he district court did not err in dismissing claims raised for the first time in a § 2255 reply brief." (citing *Hohn v. United States*, 193 F.3d 921, 923–24 n.2 (8th Cir. 1999))).

Finally, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), so Mr. Kordorwu is not entitled to

11

an evidentiary hearing. *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Mr. Kordorwu has not made "a substantial showing . . . that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Therefore, no certificate of appealability shall issue. *See id.*

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    The Government's Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 as Time-Barred [ECF No. 76] is **GRANTED**.

2.    Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 72] is **DENIED**.

3.    No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 18, 2026                      s/ Eric C. Tostrud
                                                                  Eric C. Tostrud
                                                                  United States District Court